■ Robert D. Mitchell, Individually and Doing Business as Trailer Haven, et al., Appellants, v. Town of Ulster, Respondent.— Appeal from an order of a Special Term of the Supreme Court, Sullivan County. Plaintiffs are operators of trailer parks and maintain this action to enjoin the Town of Ulster from enforcing an ordinance regulating house trailers and house trailer camps. The action has been pending since June, 1956 and in July of that year plaintiffs moved at Special Term for an injunction during the pendency of the action. The motion was adjourned without argument until April 1, 1957 when it was heard. The motion has been denied by the Special Term and plaintiffs appeal. During the entire pendency of the motion and during the pendency of the appeal, except for a short interval, a stay has been operative. We think that in denying the injunction to restrain the general licensing and regulatory effect of the ordinance in advance of trial, the Special Term was right and that these general operative effects of the ordinance should not be interfered with unless and until their invalidity has been demonstrated on the trial. There are some provisions of the ordinance, however, which if presently enforced will require substantial expenditures by plaintiffs before the case can be reached for trial on the merits. One is the requirement for erection of fences around each camp; another is the requirement for distinct toilet and bathing facilities based on the number of trailers accommodated. We think that if the case is promptly tried, the enforcement of these provisions should be suspended until a decision is made on the merits. This determination does not express our view of the validity of the provisions of the ordinance thus suspended and the court shall

be entirely free to deal with them on the trial. We would ordinarily expect that the town board would not enforce provisions requiring expenditures of this sort until the action had been decided, but the town has instituted a number of criminal proceedings and made arrests, some of them during the pendency of this appeal and of a motion in this court for a stay. Moreover, the enforcement of the ordinance was suspended by a stay at Special Term for almost a year while the motion for temporary injunction was not moved for argument. The order is modified to restrain only those provisions of the ordinance which require the erection of a fence and the toilet and bathing facilities based on the number of trailers where trailers themselves were equipped with the necessary plumbing attachments. As to the latter provision, the attorney for respondent town stated on the argument that he did not construe the ordinance as requiring these facilities in such cases. As thus modified the order is affirmed, without costs and the provisions requiring the separate toilet and bathing facilities for each camp; the requirements for licensing and other general provisions are to be operative. The restraining provision is granted upon condition that plaintiffs apply for a preference and be ready for trial at the October, 1957 Term in Ulster County. If this action is not then tried for any reason attributable to plaintiffs, the restraining provisions of the order may be vacated on application to the court. Foster, P. J., Bergan, Coon, Halpern and Gibson, JJ., concur.